CHARLES L. THOEMING (CA State Bar No. 153504)
ASCENDANT IP®
3443 Golden Gate Way, Suite H
Lafayette, California 94549
Telephone: (925) 385.7190
Fax: (855) 312.4463
E-mail: cthoeming@ascendantip.com

Attorney for Defendant/Counterclaimant
Wencon Development, Inc. d/b/a Quick Mount PV

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**

| | |
|---|---|
| WENCON DEVELOPMENT, INC. d/b/a QUICK MOUNT PV, a California corporation,<br><br>PLAINTIFF,<br><br>v.<br><br>TORR INDUSTRIES, INC, a California corporation,<br><br>DEFENDANT. | CASE NO.<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Wencon Development, Inc. d/b/a Quick Mount PV ("Plaintiff" or "Quick Mount"), by way of this Complaint against Defendant Torr Industries, Inc. ("Defendant" or "Torr"), alleges as follows:

## THE PARTIES

1. Quick Mount is a California corporation with its principal place of business at 2700 Mitchell Drive, Walnut Creek, Contra Costa County, California 94598.

//

2. Quick Mount designs, manufactures, markets, and sells, *inter alia*, photovoltaic mounting products.

3. According to current California business records, maintained by and available from the California Secretary of State, Torr is a California corporation with its principal place of business at 4564 Caterpillar Road, Redding, Shasta County, California 96003. Torr's registered agent for service of process is Rachel McVean, 280 Hempstead Drive, Redding, California 96002. Upon information and belief, Ms. McVean is a lawyer admitted to practice in California.

4. According to current California business records, maintained by and available from the California Secretary of State, Torr's business is manufacture food packaging. Through at least an online store located at http://torrindustries.com and/or www.solar.torrindustries.com, Torr also designs, manufactures, markets, and sells, *inter alia*, photovoltaic mounting products under Torr Solar Mounting Division. Included in these photovoltaic mounting product business practices, Torr offers to sell and sells at least one infringing product through the referenced online store(s).

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and seeks damages and injunctive relief pursuant to 35 U.S.C. §§ 271, 281, and 283 – 285.

6. The Court has subject matter jurisdiction over the action pursuant to 28 §§ U.S.C. 1331 and 1338(a) because this action arises under the Acts of Congress relating to patents.

7. This Court has general personal jurisdiction over Torr because Torr resides in and has its principal place of business within California and this Judicial District.

8. This Court also has specific personal jurisdiction over Torr because, upon information and belief, Torr operates a distribution center at 4564 Caterpillar Road, Redding, California 96003, which distribution center is used to ship infringing products to customers, including customers in California and this Judicial District.

9. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b) because Torr resides in this Judicial District, and, separately, because Torr has committed acts of infringement and has a regular and established place of business in this Judicial District.

10. Venue is also proper in this Judicial District pursuant to 28 U.S.C. § 1391 because Torr is subject to this Court's personal jurisdiction with respect to this civil action.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,861,485

11. Paragraphs 1-10 are incorporated into this count by reference.

12. United States Patent No. 7,861,485 (the "'485 Patent"), entitled "Method for Installing a Stanchion on a Tile Roof and a System Therefor," was duly and legally issued on January 4, 2011. All substantial rights in and to the '485 Patent were licensed exclusively to Quick Mount, and Quick Mount presently exclusively owns and has full rights to sue and recover damages and other relief for infringement of the '485 Patent. A copy of the '485 Patent is attached hereto as Exhibit A.

13. Torr has infringed, and is still infringing, directly, literally or under the doctrine of equivalents, the '485 Patent at least by manufacturing, offering for sale and selling infringing products, including at least the Torr Industries Standard Tile Roof 12 x 12 – 18 x 18 System ("Flat Tile Replacement System"). Copies of assemblies of infringing Torr Flat Tile Replacement System products are attached hereto as Exhibit B.

14. Torr's online store includes descriptions and photographs of the Flat Tile Replacement System products including installation instructions and proper flashing application for the same. (*See* Ex. C – Ex. D, respectively)

15. Torr's Flat Tile Replacement System products infringe Claims 1 – 4 of the '485 Patent. As more specifically detailed in the claim charts attached to this

complaint as Exhibit E, and incorporated herein by reference, at least the Torr Flat Tile Replacement System includes methods claimed in each claim of the '485 Patent.

16. Torr's Flat Tile Replacement System products infringe Claims 1 – 4 of the '485 Patent. As more specifically detailed in the claim charts attached to this complaint as Exhibit E, and incorporated herein by reference, at least the Torr Flat Tile Replacement System includes a system claimed in each claim of the '485 Patent.

17. Torr's infringement of the '485 Patent has been without permission, consent, authorization, or license of Quick Mount.

18. Torr's infringement of the '485 Patent has injured Quick Mount, and Quick Mount is entitled to recover damages adequate to compensate them for Torr's infringement.

## COUNT II

## WILLFUL INFRINGEMENT OF U.S. PATENT NO. 7,861,485

19. Paragraphs 1-18 are incorporated into this count by reference.

20. Torr's infringement has been and continues to be egregious and willful.

21. Since October 2009, Quick Mount has contracted manufacture of flashing components of its system for a stanchion on a tile roof as claimed in the '485 Patent to a Georgia company Southern Aluminum Finishing Company, d/b/a as SAF-West ("SAF-West"), having its principal business address in California of 4356 Caterpillar Road, Redding, California 96003. This contract to manufacture components was predicated upon, among other things, an Agreement of Confidentiality and Non-disclosure between SAF-West and Quick Mount, as to Quick Mount's trade secrets ("Trade Secrets Agreement"). Upon information and belief, sometime thereafter SAF-West subcontracted to Torr a part of the manufacturing of flashing components of Quick Mount's system for a stanchion on a tile roof as claimed in the '485 Patent without Quick Mounts' written consent. Upon further information and belief, a pertinent part of this subcontract between SAF-West and Torr

included disclosure of Quick Mount trade secrets in violation of the Trade Secrets Agreement.

22. Upon information and belief, sometime after the subcontracting relationship between SAF-West and Torr as to flashing components of Quick Mount's system for a stanchion on a tile roof as claimed in the '485 Patent, Torr used Quick Mount's confidential trade secrets obtained from SAF-West and, with actual knowledge of Quick Mount's '485 Patent rights in and to these subcontracted flashing components, began manufacturing, offering to sell, and selling its Flat Tile Replacement System through the Torr online store at http://torrindustries.com and/or www.solar.torrindustries.com.

23. Torr's bad faith infringement of the '485 Patent is part of an open, ongoing, notorious, willful and knowing pattern of disregard for Quick Mount's patent rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Quick Mount respectfully requests that judgment be entered in its favor and against Defendant Torr and further prays that the Court grant the following relief to Plaintiff:

A. A judgment that Torr has infringed the '485 Patent;

B. Entry of a preliminary and a permanent injunction pursuant to 35 U.S.C. § 283 enjoining Torr, as well as its officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringing the '485 Patent, including but not limited to the making, using, offering to sell, selling, or importing of any products that infringe the '485 Patent;

C. An award of all damages adequate to compensate Quick Mount for Torr's infringement, such damages to be determined by a jury and, if necessary, an accounting of all damages;

D. An award of prejudgment and post-judgment interest to Quick Mount pursuant to 35 U.S.C. § 284;

E. A judgment that Torr's infringement of the '485 Patent has been willful and egregious;

F. A three-fold increase in awarded damages pursuant to 35 U.S.C. § 284 due to Torr's willful and egregious infringement of the '485 Patent;

G. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorneys' fees, costs, and expenses incurred by Quick Mount in this action; and

H. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Quick Mount hereby demands a trial by jury in this action on all claims so triable.

DATED: August 23, 2017

ASCENDANT IP®
/s/Charles L. Thoeming
Charles L. Thoeming
Golden Gate Legal Centre
3443 Golden Gate Way, Suite H
Lafayette CA 94549

Attorney for Plaintiff, Wencon Development, Inc. d/b/a Quick Mount PV